**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **FREEPORT APARTMENTS LTD a/k/a,** | § | |
| **FREEPORT MEADOW APARTMENTS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **Civil Action No.: 3:22-cv-00196** |
| | § | |
| | § | |
| **AMERICAN EMPIRE SURPLUS** | § | |
| **LINES INSURANCE COMPANY,** | § | |
| **CARSON B. LESTER,** | § | |
| | § | |
| *Defendants.* | § | **JURY** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Plaintiff FREEPORT APARTMENTS LTD a/k/a FREEPORT MEADOW and/or FREEPORT MEADOW APARTMENTS, and complains of Defendants AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY ("AMERICAN EMPIRE") and CARSON B. LESTER. In support of such claims and causes of action, Plaintiff respectfully shows unto this Honorable Court and Jury as follows:

## I. PARTIES

1.1     Plaintiff, FREEPORT APARTMENTS LTD a/k/a FREEPORT MEADOW and/or FREEPORT MEADOW APARTMENTS, is a domestic for-profit corporation whose principal place of business is in of Brazoria County, Texas.

1.2     Defendant, AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY, is a foreign company engaged in the business of insurance in this state. Defendant

did NOT file an answer in state court prior to removal and has not filed an answer in federal court since the removal. However, Defendant did remove the matter to this court and entered an appearance in this matter through this and subsequent filings.

    1.3    Defendant, CARSON B. LESTER, is an individual, based upon information and belief, who resides in Jefferson County, Alabama. He may be served with service of process at 2801 Oxmoor Glen Drive, Birmingham, Alabama, 35211; 1116 20th Street South, Suite 231 Birmingham, AL 35205; or wherever he may be found. Defendant LESTER has not yet entered an appearance in this matter.

## II.  JURISDICTION AND VENUE

    2.1    Defendant removed this action to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. §1332.

    2.2    Venue is proper in Brazoria County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Brazoria County, Texas.

## III.  AGENCY AND RESPONDEAT SUPERIOR

    3.1    Whenever in this Complaint it is alleged that Defendants did any act or thing, it is meant that Defendants or its agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or its agents, officers, servants, employees, or representatives.

## IV.  CONDITIONS PRECEDENT

    4.1    All conditions precedent to recovery have been performed, waived, or have occurred.

## V. FACTS APPLICABLE TO ALL COUNTS

5.1     Plaintiff is the owner of a Texas Commercial Policy number E614942-00 issued by AMERICAN EMPIRE (the "Policy").

5.2     Plaintiff owns the insured commercial apartment complex, which is specifically located at 310 Yaupon Street, Freeport, Texas 77541 (the "Property").

5.3     AMERICAN EMPIRE, or its agent(s), sold the Policy, insuring and covering the Property against damages from storm-related and interior water loss events, to Plaintiff.

5.4     Plaintiff suffered immediate and severe damage to its commercial property as a result of a series of massive pipe breaks and interiors water leaks throughout its apartment units related to Winter Storm Uri that occurred on or about February 18, 2021.

5.5     The Plaintiff timely submitted a claim to AMERICAN EMPIRE. AMERICAN EMPIRE assigned various adjusters to adjust the claim. However, AMERICAN EMPIRE and its agents were not diligent in investigating Plaintiff's loss. AMERICAN EMPIRE failed to timely and accurately investigate the covered loss. AMERICAN EMPIRE assigned claim number P00080032 to Plaintiff's claim.

5.6     Ultimately, AMERICAN EMPIRE, inspected Plaintiff's property after the loss. AMERICAN EMPIRE retained CARSON B. LESTER as it's agent and representative on the claim tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim; including determining the cause of, and then quantifying the damage done to Plaintiff's property. Mr. LESTER inspected the property and attempted to reach an agreement as to the damage, scope, and amount of the loss and mitigation, with an on-site maintenance person for the commercial property. The maintenance person was not authorized by Plaintiff to speak on its behalf nor qualified to do so.

5.7    After Plaintiff filed the claim, it retained a public adjuster to represent it on the claim.  On March 11, 2021, AMERICAN EMPIRE, by written correspondence from Mr. LESTER instructed Plaintiff <u>not</u> to mitigate the damages or to conduct any "demo that matches the "Remove" items in [the public adjuster's] estimate."  AMERICAN EMPIRE by written correspondence from Mr. LESTER, instead suggested another third-party mitigation company handled mitigation; a request Mr. LESTER nor AMERICAN EMPIRE ever followed up on.

5.8    Almost four months after Mr. LESTER's inspection, on or around June 10, 2021, AMERICAN EMPIRE finally sent Plaintiff an undisputed actual cash value ("ACV") check for the claim in the amount of $36,927.08.  Mr. LESTER did not forward the estimate on which that payment was based until after requested to do so, sometime after June 20, 2021.  The repair estimate from Mr. LESTER's inspection did not account for all of the covered damages. Furthermore, the damages that were accounted for were vastly under-scoped.  Thus, Defendant AMERICAN EMPIRE demonstrated it did not conduct a thorough investigation of the claim.

5.9    Defendant AMERICAN EMPIRE failed to fairly evaluate and adjust Plaintiff's claim as they are obligated to do under the Policy and Texas law.  By failing to properly investigate the claim, wrongfully underpaying full coverage to Plaintiff, in instructing Plaintiff not to do things that were required to do for coverage (i.e. mitigate its damages), AMERICAN EMPIRE engaged in unfair settlement practices by misrepresenting material facts to Plaintiff.

5.10   Prior to that $36,927.08 ACV payment from AMERICAN EMPIRE through Mr. LESTER, Mr. LESTER, by written correspondence, instructed Plaintiff not to mitigate the damages or to conduct any "demo that matches the "Remove" items in [the public adjuster's] estimate.  Mr. LESTER suggested some other mitigation company instead should do mitigation but then never followed up on that.

5.11    Defendant AMERICAN EMPIRE failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant AMERICAN EMPIRE failed and refused to properly pay proceeds for the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Defendant AMERICAN EMPIRE's conduct constitutes a material breach of the insurance contract.

5.12    Defendant AMERICAN EMPIRE misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril.  Specifically, AMERICAN EMPIRE, through Mr. LESTER, instructed Plaintiff not to mitigate its damages, then attempted to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant.  Plaintiff relied upon Defendants' misrepresentations to their detriment and suffered damages, e.g., a negative coverage decision on this claim.  Defendants' conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(1), which prohibit misrepresenting to a claimant a material fact or policy provision relating to coverage at issue.  Here, as stated above, Defendants' misrepresentation was that Plaintiff was not to conduct a required action under the policy, i.e. mitigate its damages, thereby avoiding coverage under the claim under a "failure to mitigate damages" defense.

5.13    Defendant AMERICAN EMPIRE failed to make an attempt to settle Plaintiff's claims in a prompt and fair manner, although they were aware of its liability to Plaintiff was reasonably clear under the Policy.  Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(2)(A).

5.14     Defendant AMERICAN EMPIRE failed to explain to Plaintiff why full payment was not being made.  Furthermore, Defendant did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claims, in violation of Tex. Ins. Code § 541.060(a)(3).

5.15     Defendant AMERICAN EMPIRE failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Defendant did not send the first undisputed claim amount until almost four months after the loss.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(4).

5.16     Defendant AMERICAN EMPIRE refused to fully compensate Plaintiff under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant AMERICAN EMPIRE performed a results/outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property.  AMERICAN EMPIRE, through Mr. LESTER, instructed Plaintiff not to mitigate its damages, then attempted to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant.  Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(7).

5.17     Defendant AMERICAN EMPIRE misrepresented the insurance policy sold to Plaintiff (which relied Defendants' misrepresentations to their detriment and suffered damages) by (1) making an untrue statement of material fact regarding coverage, specifically by instructing Plaintiff not to mitigate its damages, then attempted to use a "failure to mitigate damages" as a

defense for proper payment under the claim by Defendant; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made, specially that Plaintiff would need to mitigate its damages under the policy for coverage but instead choosing to instruct Plaintiff not to do any tear-out or conduct mitigation of damages; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage, specifically by instructing Plaintiff not to mitigate its damages, then attempting to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant; and/or (5) failing to disclose a matter required by law to be disclosed (see above regarding instructing Plaintiff not to conduct tear-out or mitigate damages) including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Section 541.061 of the same.

5.18    Defendant AMERICAN EMPIRE failed to meet its obligation under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.055.

5.19    Defendant AMERICAN EMPIRE failed to accept or deny the Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant did not send the first undisputed claim amount until almost four months after the loss and when it sent it, it did not give Plaintiff a basis for its partial payment and determination of the claim and that amount. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.056.

5.20    Defendant AMERICAN EMPIRE failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim.  Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.058.

5.21    From the point in time Plaintiff's claim was presented to Defendant AMERICAN EMPIRE, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant AMERICAN EMPIRE has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

5.22    As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action.  On or about  June 28, 2021, Plaintiff's counsel sent a letter of representation requesting various documents related to the loss, including a certified true copy of the complete policy covering the property on the date of loss, with all endorsements.

5.23    On or about December 8, 2021, Plaintiff's counsel sent a Texas Insurance Code 542A Notice and Texas Deceptive Trade Practices Act ("DTPA") Demand letter to the Defendants.  The letter gave Defendants a statement of the acts or omissions giving rise to the claim and included the specific amount alleged to be owed by the insurer on the claim for damage to or loss of a covered property, as well as the amount of reasonable and necessary attorney's fees incurred by Plaintiff as of the date of the Notice.  The letter also informed Defendants of potential violations under the DTPA and Insurance Code related to its handling

and adjusting of Plaintiff's claim and potential claims, including attorney's fees, statutory penalty interest, and additional damages arising from those violations. The Notice and Demand letter provided Defendants with the statutorily mandated sixty days to respond, and an opportunity to resolve the claim without extended litigation costs. The letter was submitted with a line-itemed Xactimate damage estimate with color photos, detailing the exact damages at the Property and the costs to repair it. The Demand was also sent with a cause and origin engineer report from an engineer that Plaintiff retained at its own expense. Defendants acknowledged the letter and requested a re-inspection, which was conducted on January 17, 2022. Then via letter to Plaintiff's counsel dated February 4, 2022, Defendants, through counsel, maintained its previous claims stance; satisfying the sixty-one day statutory notice requirement, as well as the statutory requirement that Defendants either deny a DTPA and Insurance Code Demand or be allotted a sixty-day time period to attempt to resolve the claim before a Complaint is to be filed.

5.24    Though the Demand period had expired, Plaintiff did agree to a pre-suit mediation, but AMERICAN EMPIRE subsequently refused to produce the claims file for this claim, even though it understood claims file is a required litigation disclosure.

5.25    To date, Defendant AMERICAN EMPIRE has failed to and refused to pay Plaintiff for the proper repair of the property. Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of claim. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

5.26    Through the filing of its original state court petition and the date of this First Amended Complaint, Defendant AMERICAN EMPIRE as not submitted any written

correspondence accepting liability on this claim for the actions of its agent, Defendant LESTER.

## VI. COUNTS

6.1    Plaintiff incorporates by reference all facts, statements, and allegations set forth in all previous paragraphs, as if set forth in full in each cause of action that follows.

### 6.2    COUNT 1 – BREACH OF CONTRACT

a.    At the time of the loss, Plaintiff had valid, enforceable insurance contract in place, issued by Defendant (the "Policy").  Plaintiff was the insured of the contract. Plaintiff fully performed its contractual obligations by making premium payments as required by the insurance contract, and at all times complied fully with all material provisions of the Policy.

b.    According to the Policy that Plaintiff purchased, Defendant AMERICAN EMPIRE had the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages.  As a result of these damages, which result from covered perils under the Policy, the Plaintiff's property has been damaged.

c.    Defendant AMERICAN EMPIRE's failure to properly investigate and refusal, as enumerated and described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a material breach of Defendant AMERICAN EMPIRE's contract with Plaintiff.  As a result of this breach of contract, Plaintiff has suffered the damages that are described in this Complaint, the producing cause of which is Defendant's actions.

### 6.3    COUNT 2 –  PROMPT PAYMENT OF CLAIMS; VIOLATION OF TEXAS INSURANCE CODE §542, ET SEQ.

a.    Under the Texas Insurance Code, Defendant AMERICAN EMPIRE had a

duty to investigate and pay Plaintiff's claim under the Policy in a timely manner. Defendant AMERICAN EMPIRE violated Chapter 542 of the Texas Insurance Code by not timely: (1) commencing its investigation of the claim; (2) requesting information needed to investigate the claim; (3) communicating with its insured regarding the status of its investigation, including failing to accept or reject Plaintiff's claim in writing within the statutory timeframe; (4) conducting its investigation of the claim; and (5) paying the claim.

b. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Complaint. Defendant AMERICAN EMPIRE is therefore liable under Chapter 542 for penalty interest at the rate set forth in the statute, and attorney's fees taxed as costs of this suit.

c. Additionally, if it is determined Defendant AMERICAN EMPIRE owes Plaintiff any additional money on Plaintiff's claim, then Defendant has automatically violated Chapter 542 in this case.

6.4    **COUNT 3 –    UNFAIR INSURANCE PRACTICES; VIOLATION OF TEXAS INSURANCE CODE § 541, ET SEQ.**

a. As an insurer, Defendant AMERICAN EMPIRE owes statutory duties to Plaintiff as its insured. Specifically, the Texas Insurance Code prohibits Defendant AMERICAN EMPIRE from engaging in any unfair or deceptive act or practice in the business of insurance. The specific misrepresentations Defendant engaged in and how those misrepresentations were in violation of the specific relevant code sections are covered at length above in Sections V and incorporated by reference; specifically, paragraphs, 5.7, 5.12, and 5.17.

b. By its acts, omissions, failures, and conduct, Defendant AMERICAN

EMPIRE has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this Complaint, plus Defendant's unreasonable delays and under-scoping in the investigation, adjustment, and resolution of the Plaintiff's claim, plus Defendant's failure to pay for the proper repair of the Plaintiff's property on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, Defendant AMERICAN EMPIRE are guilty of the following unfair insurance practices:

i. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue, specifically by instructing Plaintiff not to conduct "tear-out" to mitigate its damages (as required for coverage under the policy), then attempting to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant;

ii. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability had become reasonably clear;

iii. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement;

iv. Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

v. Misrepresenting the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverage, specifically by

instructing Plaintiff not to mitigate its damages, then attempted to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made, specially that Plaintiff would need to mitigate its damages under the policy for coverage but instead choosing to instruct Plaintiff not to do any tear-out or conduct mitigation of damages; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage, specifically by instructing Plaintiff not to mitigate its damages, then attempting to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant; and/or (5) failing to disclose a matter required by law to be disclosed (see above regarding instructing Plaintiff not to conduct tear-out or mitigate damages) including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Section 541.061 of the same. Plaintiff relied Defendants' misrepresentations to their detriment and suffered damage, e.g., a negative coverage decision on this claim.

c.    Defendant AMERICAN EMPIRE has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this Complaint.

d.    All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Complaint, and were done knowingly and/or intentionally as that term is used in the Texas Insurance Code.

6.5    **COUNT 4 – DTPA; VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE § 17.46, ET SEQ.**

a.     Plaintiff is an individual who sought and acquired a good, the Policy that is the subject of the suit, by purchase, from the Defendant.  Plaintiff also sought and acquired the service and adjustment of claims under that policy, a service that was "furnished in connection with the sale or repair of goods", as defined by the DTPA.  This qualifies Plaintiffs as consumers of goods and services provided by Defendant as defined by the Texas Deceptive Trade Practices Act ("DTPA"), codified under TEX. BUS. & COM. CODE ANN. Chapter 17.  The Plaintiff has met all conditions precedent to bringing this cause of action against Defendants.  Specifically, Defendant's violations of the DTPA include without limitation, the following matters.

b.     By its acts, omissions, failures, and conduct that are described in this Complaint, Defendant AMERICAN EMPIRE has committed false, misleading, or deceptive acts or practices in violation of § 17.46(b)(2), (3), (5), (7), (11), (12), (13), (20), and (24) of the DTPA.  The specific misrepresentations Defendant engaged in are covered at length above in Sections V and incorporated by reference; specifically, paragraphs, 5.7, 5.12, and 5.17.  In this respect, Defendant's violations include without limitation:

i.     Unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, during which Defendant employed a series of alleged "independent adjusters" under the control of Defendant, including Defendant LESTER who instructed Plaintiff not to conduct "tear-out" to mitigate its damages (as required for coverage under the policy).  These action caused confusion to Plaintiff as to whom was representing whom, and had whose best

interests in mind, especially since Defendant AMERICAN EMPIRE subsequently then attempted to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant.  This gives Plaintiff the right to recover under Section 17.46(b)(2) and (3) of the DTPA;

ii.     As described in this Complaint, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services had characteristics, uses, or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

iii.    As described in this Complaint, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

iv.     As described in this Complaint, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

v.      Defendant knowingly made false or misleading statements of fact, specifically by instructing Plaintiff not to conduct "tear-out" to mitigate its damages (as required for coverage under the policy), then attempting to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant, which gives Plaintiff the right to recover under Section 17.46(b)(13) of the DTPA;

vi.     Defendant breached an express and / or implied warranty that the

damage caused by the subject loss would be covered under the insurance policies. This entitles the Plaintiff to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

       vii.    Defendant failed to disclose information concerning the insurance policy which was known at the time of the transaction where the failure to disclose such information was intended to induce the Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed. This gives Plaintiff the right to recover under Section 17.46(b)(24) of the DTPA;

       viii.    Defendant's actions, as described in this Complaint, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

       ix.    Defendant's conduct, acts, omissions, and failures as described in this Complaint, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA, under which violations of Chapter 541 of the Texas Insurance Code are an enabling statute.

    c.    All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Complaint. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally, as those terms are used and defined in the Texas Deceptive Trade Practices Act.

6.6     **COUNT 5 – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

a.      By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.  Defendant did not send the first undisputed claim amount until almost four months after the loss and when it sent it, it did not give Plaintiff a basis for its partial payment and determination of the claim and that amount.  Additionally, AMERICAN EMPIRE through Mr. LESTER, instructed Plaintiff not to conduct "tear-out" to mitigate its damages as required for coverage under the policy, then attempted to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim, and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered.  These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

## VII.  WAIVER AND ESTOPPEL

7.1     Defendant is waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiff.

## VIII.  DAMAGES / CLAIMS FOR RELIEF

8.1     All the damages described and sought in this Complaint are within the jurisdictional limits of the Court.

8.2     The above described acts, omissions, failures, and conduct of Defendants caused Plaintiff's damages, which include, without limitation, (1) the cost to properly repair Plaintiff's property, (2) any investigative and engineering fees incurred by Plaintiff, (3) court costs, and (4) attorney's fees.  Plaintiff is entitled to recover consequential damages from Defendants' breach of contract.  Plaintiff is also entitled to recover the amount of Plaintiff's claim plus interest on the amount of the claim, under Chapter 542 of the Texas Insurance Code, as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under TEX. FIN. CODE ANN. § 304.003, accruing beginning on the date the claim was required to be paid.  This interest is in addition to prejudgment interest.

8.3     Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA, which allows recovery of up to three times economic damages.  Where there is an enabling statute for the DTPA, as there is here with the Texas Insurance Code, Plaintiff is entitled to recovery of up to three times actual damages. Plaintiff is further entitled to the additional damages that are authorized by Chapter 541 of the Texas Insurance Code.

8.4     Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in TEX. CIV. PRAC. & REM. CODE ANN. Chapter 41.  These violations by Defendant are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in the amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct

and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## IX. ATTORNEY'S FEES

9.1    As a result of Defendant's conduct that is described in this Complaint, Plaintiff has been forced to retain the undersigned law firm and attorney to prosecute this action, and has agreed to pay reasonable attorney's fees.  Plaintiff is entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code, Chapters 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## X. JURY DEMAND

10.1    Plaintiff demanded a jury trial in its state court petition, and tendered the appropriate fee at the time of filing.

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff FREEPORT APARTMENTS LTD. a/k/a FREEPORT MEADOW APARTMENTS prays that it be awarded all such relief to which it is due as a result of the acts of Defendant AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY and CARSON B. LESTER, to include, without limitation such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to economic damages, actual damages, consequential damages, statutory penalty interest, treble damages under the Texas Deceptive Trade Practices Act and Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest, at the highest rate allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**


By: /s/ *Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
12807 Haynes Road, Bldg. E
Houston, Texas 77066
Telephone:  281.882.3531
Facsimile:   713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFF**




## CERTIFICATE OF SERVICE

This is to certify that on this the 1st day of July 2022, a true and correct copy of the foregoing document was served on all counsel of record, pursuant to the Federal Rules of Civil Procedure as follows:

Michael C. Upshaw                    *Via Federal ECF*
Austin J. Taylor
ZELLE LLP
901 Main Street, Suite 4000
Dallas, Texas 75202

**ATTORNEYS FOR DEFENDANT** AMERICAN EMPIRE

By: /s/ *Jesse S. Corona*
    Jesse S. Corona