**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **FREEPORT APARTMENTS LTD a/k/a, FREEPORT MEADOW APARTMENTS,** | § § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § | **CAUSE NO. 3:22-cv-00196** |
| | § | |
| **AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY, CARSON B. LESTER,** | § § § § | |
| *Defendants.* | § | |

## DEFENDANT AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY'S MOTION FOR PARTIAL DISMISSAL

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant American Empire Surplus Lines Insurance Company ("American Empire") files this Motion for Partial Dismissal of Plaintiff Freeport Apartments LTD a/k/a Freeport Meadow Apartments' causes of action for violations of the Texas Insurance Code and violations of the Texas Deceptive Trade Practices Act ("DTPA"). American Empire further moves to dismiss all causes of action against Defendant Carson B. Lester. In support thereof, American Empire respectfully shows the Court as follows:

## I.  INTRODUCTION

Plaintiff alleges the following causes of action against American Empire: breach of contract, violations of the Texas Insurance Code for unfair settlement practices, violations

of the Texas Insurance Code for failure to promptly pay a claim, violations of the DTPA, and breach of the duty of good faith and fair dealing.

Plaintiff's causes of action against American Empire for alleged violations of the DTPA and violations of Chapter 541 of the Texas Insurance Code premised on misrepresentation are deficiently pleaded. Plaintiff's allegations do not meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, and in many cases, also fail to meet Rule 8(a)'s pleading standard. Accordingly, American Empire moves the Court to dismiss these causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6).

Further, and despite Plaintiff's allegations to the contrary, American Empire elected to accept whatever liability Defendant Lester might have to Plaintiff for Defendant Lester's acts or omissions related to the underlying insurance claim pursuant to Tex. Ins. Code Section 542A.006. Accordingly, no causes of action exist against Defendant Lester and the Court must dismiss Defendant Lester from this lawsuit with prejudice.

## II.  FACTUAL BACKGROUND

This lawsuit arises from Plaintiff's claim for property damages arising from a February 18, 2021 winter freeze event. American Empire provided property insurance coverage to Plaintiff during the relevant period. Upon notice of the loss, American Empire adjusted the claim and paid for Plaintiff's losses pursuant to the Policy. Plaintiff disagreed with the amount paid under the Policy and served American Empire with its statutorily

mandated 542A demand letter on December 8, 2021. American Empire responded to Plaintiff's 542A demand letter on February 4, 2022, electing to accept responsibility for acts or omissions by its agents, including Defendant Lester, pursuant to Tex. Ins. Code Section 542A.006(a).[1] Plaintiff then filed the instant lawsuit wherein Plaintiff alleges American Empire improperly handled and adjusted its claim. On July 1, 2022, Plaintiff filed its First Amended Complaint.[2]

Plaintiff seeks damages for violations of the Texas Insurance Code based on purported misrepresentations by American Empire along with alleged violations of various provisions of the DTPA. In support of its claims for misrepresentations, Plaintiff relies on one email sent by Defendant Lester to Plaintiff's public insurance adjuster:

- After Plaintiff filed the claim, it retained a public adjuster to represent it on the claim. On March 11, 2021, AMERICAN EMPRIE, by written correspondence from Mr. Lester instructed Plaintiff not to mitigate the damages or to conduct any "demo that matches the "Remove" items in the [public adjuster's] estimate." AMERICAN EMPIRE by written correspondence from Mr. Lester, instead suggested another third-party mitigation company handled [sic] mitigation; a request Mr. LESTER nor AMERICAN EMPRIE ever followed up on.[3]
- Defendant AMERICAN EMPIRE failed to fairly evaluate and adjust Plaintiff's claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the claim, wrongfully underpaying full coverage to Plaintiff, in instructing Plaintiff not to do things that were required to do for coverage (i.e.

---

[1]  *See* Declaration of Michael C. Upshaw, attached as Exhibit B; American Empire's Response to Plaintiff's 542A Notice at p. 7, attached as Exhibit B-1.

[2]  Plaintiff's First Amended Complaint [Dkt. 8].

[3]  Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 5.7.

**DEFENDANT AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY'S**
**MOTION FOR PARTIAL DISMISSAL**

mitigate its damages), AMERICAN EMPRIE engaged in unfair settlement practices by misrepresenting material facts to Plaintiff.[4]

- Prior to that $36,927.08 ACV payment form AMERICAN EMPIRE through Mr. LESTER, Mr. LESTER, by written correspondence, instructed Plaintiff not to mitigate the damages or to conduct any "demo that matches the "Remove" items in [the public adjuster's] estimate. Mr. LESTER suggested some other mitigation company instead should do mitigation but then never followed up on that.[5]

- Defendant AMERICAN EMPIRE misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Specifically, AMERICAN EMPIRE, through Mr. LESTER, instructed Plaintiff not to mitigate its damages, then attempted to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant. Plaintiff relied upon Defendants' misrepresentations to their detriment and suffered damages, e.g., a negative coverage decision on this claim. Defendants' conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(1), which prohibit [sic] misrepresenting to a claimant a material fact or policy provision relating to coverage at issue. Here, as stated above, Defendants' misrepresentation was that Plaintiff was not to conduct a required action under the policy, i.e. mitigate its damages, thereby avoiding coverage under the claim under a "failure to mitigate damages" defense.[6]

- Defendant AMERICAN EMPIRE refused to fully compensate Plaintiff under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant AMERICAN EMPIRE performed a results/outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. AMERICAN EMPIRE, through Mr. Lester, instructed Plaintiff not to mitigate its damages, then attempted to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant. Defendant's conduct constates a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(7).[7]

- Defendant AMERICAN EMPIRE misrepresented the insurance policy sold to Plaintiff (which relied [sic] Defendants' misrepresentations to their detriment and suffered damages) by (1) making an untrue statement of material fact regarding

---

[4]   Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 5.9.

[5]   Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 5.10.

[6]   Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 5.12.

[7]   Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 5.16.

**DEFENDANT AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY'S**
**MOTION FOR PARTIAL DISMISSAL**

coverage, specifically by instructing Plaintiff not to mitigate its damages, then attempted to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made, specially [sic] that Plaintiff would need to mitigate its damages under the policy for coverage but instead choosing to instruct Plaintiff not to do any tear-out or conduct mitigation of damages; (3) making a statement in a manner what would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage, specifically by instructing Plaintiff not to mitigate its damages, then attempting to use  "failure to mitigate damages" as a defense for proper payment under the claim by Defendant; and/or (5) [sic] failing to disclose a matter required by law to be disclosed (see above regarding instructing Plaintiff not to conduct tear-out or mitigate damages) including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Section 541.061 of the same.[8]

- As an insurer, Defendant AMERICAN EMPIRE owes statutory duties to Plaintiff as its insured. Specifically, the Texas Insurance Code prohibits Defendant American Empire from engaging in any unfair or deceptive act or practice in the business of insurance. The specific misrepresentations Defendant engaged in and how those misrepresentations were in violation of the specific relevant code section are covered at length above in Sections V and incorporated by reference; specifically, paragraphs 5.7, 5.12, and 5.17.[9]

- Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue, specifically by instructing Plaintiff not to conduct "tear-out" to mitigate its damages (as required for coverage under the policy), then attempting to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant;[10]

- Misrepresenting the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverage, specifically by instructing Plaintiff not to mitigate its damages, then attempted [sic] to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made, specially [sic] that Plaintiff would need to mitigate its damages under the policy for coverage

---

[8]   Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 5.17.

[9]   Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 6.4(a).

[10]   Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 6.4(b)(i).

**DEFENDANT AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY'S**
**MOTION FOR PARTIAL DISMISSAL**

but instead choosing to instruct Plaintiff not to do any tear-out or conduct mitigation of damages; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage, specifically by instructing plaintiff not to mitigate its damages then attempting to use a failure to mitigate damages" as a defense for proper payment under the claim by Defendant; and/or (5) [sic] failing to disclose a matter required by law to be disclosed (see above regarding instructing Plaintiff not to conduct tear-out or mitigate damages) including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Sections 541.061 of the same. Plaintiff relied [sic] Defendants' misrepresentations to their determent and suffered damage, e.g., a negative coverage decision on this claim;[11]

- By its acts, omission, failures, and conduct that are described in this Complaint, Defendant AMERICAN EMPIRE has committed false, misleading, or deceptive acts or practices in violation of §17.46(b)(2), (3), (5), (7), (11), (12), (13), (20) and (24) of DTPA. The specific misrepresentations Defendant engaged in are covered at length above in Sections V and incorporated by reference; specifically, paragraphs 5.7, 5.12, and 5.17. In this respect, Defendant's violations include without limitation:[12]

- Unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, during which Defendant employed a series of alleged "independent adjusters" under the control of Defendant, including Defendant LESTER who instructed Plaintiff not to conduct "tear-out" to mitigate its damages (as required for coverage under the policy). These action [sic] caused confusion to Plaintiff as to whom was representing whom and had whose best interests in mind, especially since Defendant AMERICAN EMPIRE subsequently then attempted to use a "failure to mitigate damages" as defense for proper payment under the claim by Defendant. This gives Plaintiff the right to recover under Section 17.46(b)(2) and (3) of the DTPA;[13]

- Defendant knowingly made false or misleading statements of fact, specifically by instructing Plaintiff not to conduct "tear-out" to mitigate its damages (as required for coverage under the policy), then attempting to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant, which gives Plaintiff the right to recover under Section 17.46(b)(13) of the DTPA;[14]

---

[11]   Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 6.4(b)(v).

[12]   Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 6.5(b).

[13]   Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 6.5(b)(i).

[14]   Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 6.5(b)(v).

DEFENDANT AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY'S
MOTION FOR PARTIAL DISMISSAL

- All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Complaint. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally, as those terms are used and defined the Texas Deceptive Trade Practices Act.[15]

However, the March 11, 2021 email from Defendant Lester to Plaintiff's public adjuster, Sharon Black, which is attached as Exhibit A-1, in no way instructs Plaintiff not to mitigate its damages. To the contrary, Defendant Lester recommends to Black that Plaintiff, "retain[] a third party, disinterested mitigation company to proceed with the drying of the structure."[16]

## III.  ARGUMENTS AND AUTHORITIES

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual allegations which, if accepted as true, "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff "must plead more than labels and conclusions," and "[f]actual allegations must be enough to raise the right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that

---

[15]   Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 6.5(c).

[16]   *See* Declaration of Carson B. Lester, attached as Exhibit A; Lester email to Sharon Black, attached as Exhibit A-1.

**DEFENDANT AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY'S MOTION FOR PARTIAL DISMISSAL**

are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678.

A court deciding a motion to dismiss under Rule 12(b)(6) must "accept [] all well-pleaded facts as true." *Smit v. SXSW Holdings, Inc.*, 903 F.3d 522, 527 (5th Cir. 2018). However, courts will not presume the truth of any "legal conclusion couched as a factual allegation." *Covington v. City of Madisonville, Texas*, 812 F. App'x. 219, 224 (5th Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). Nor will courts presume the truth of any allegation that is contradicted by documents attached to or referenced in the complaint. *See, Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n. 1 (5th Cir. 2014). "'[D]ocuments that a defendant attaches to its motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (citation omitted). "When a plaintiff does not attach a pertinent document to the complaint, a 'defendant may introduce the exhibit as part of his motion attacking the pleading.'" *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 238 F. Supp. 3d 799, 815 (S.D. Tex. 2017), *aff'd sub nom.* Lampkin v. UBS Fin. Services, Inc., 925 F.3d 727 (5th Cir. 2019) (internal citations omitted). "Where the allegations in the complaint are contradicted by facts established by documents attached as exhibits to the complaint, the court may properly disregard the allegations." *Id.*

Federal Rule of Civil Procedure 9(b) heightens the pleading standard when the claim in question involves violations of the Texas Insurance Code grounded in fraud or

misrepresentation or violations of the DTPA. *See Frith v. Guardian Life Ins. Co. of Am.,* 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) ("Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)."). "Some courts have been careful to distinguish between Texas Insurance Code provisions which are ultimately grounded in fraud and those that are not. However, courts applying Rule 9(b) to DTPA claims make no such fine-tuned distinctions, appear to universally apply rule 9(b) regardless of the provision." *Tommaso v. State Farm Lloyds*, No. 7:15-CV-00274, 2016 WL 6883042, at *2 (S.D. Tex. Sept. 28, 2016).   In fact, this Court, in *Garcia v. Deere & Co.*, No. 3:20-CV-0095, 2020 WL 4192894, at *3 (S.D. Tex. July 21, 2020) (Brown J.), applied Rule 9(b)'s heightened pleading standard to plaintiff's DTPA claim against defendant and found plaintiff's allegations failed to meet this standard because they did not address the time, place, or contents of the false representations.

Under Rule 9(b), a plaintiff must plead with "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). The Fifth Circuit has determined that the particularity requirement contained in Rule 9(b) requires, at a minimum, that a plaintiff set forth the 'who, what, when, where, and how' of the alleged misrepresentation or fraud. *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 328 (5th Cir. 2003). Plaintiff's First Amended

**DEFENDANT AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY'S**
**MOTION FOR PARTIAL DISMISSAL**

Complaint falls far short of this standard.

**A.      The Court should disregard Plaintiff's allegation regarding Defendant Lester's statement to "not mitigate damages."**

The Court should disregard Plaintiff's allegations that Defendant Lester instructed Plaintiff not to mitigate damage at the Property. "Documents that a defendant attaches to its motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to its claim." *In re Enron Corp. Sec.,* 238 F. Supp. 3d at 815. As stated above, "[w]here the allegations in the complaint are contradicted by facts established by documents attached as exhibits to the complaint, the court may properly disregard the allegations." *Id.* Moreover, "[w]hen a plaintiff does not attach a pertinent document to the complaint, a 'defendant may introduce the exhibit as part of his motion attacking the pleading.'" *Id.*

Plaintiff has alleged that Defendant Lester instructed Plaintiff not to mitigate any damages at the Property via written correspondence dated March 11, 2021.[17] Plaintiff references this alleged instruction by Defendant Lester throughout its First Amended Complaint. Indeed, the allegation that Defendant Lester instructed Plaintiff not to mitigate damages is central to Plaintiff's theory of recovery under both the Texas Insurance Code and the DTPA. Plaintiff specifically identifies the allegations contained in paragraphs 5.7, 5.12, and 5.17 as the "false, misleading, or deceptive acts or practices" in violation of the

---

[17]     Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 5.7.

DTPA and the "misrepresentations" constituting an "unfair or deceptive act or practice in the business of insurance."[18] The allegations contained in paragraphs 5.7, 5.12, and 5.17 are as follows:

- After Plaintiff filed the claim, it retained a public adjuster to represent it on the claim. On March 11, 2021, AMERICAN EMPRIE, by written correspondence from Mr. Lester instructed Plaintiff not to mitigate the damages or to conduct any "demo that matches the "Remove" items in the [public adjuster's] estimate." AMERICAN EMPIRE by written correspondence from Mr. Lester, instead suggested another third-party mitigation company handled [sic] mitigation; a request Mr. LESTER nor AMERICAN EMPRIE ever followed up on.[19]
- Defendant AMERICAN EMPIRE misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Specifically, AMERICAN EMPIRE, through Mr. LESTER, instructed Plaintiff not to mitigate its damages, then attempted to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant. Plaintiff relied upon Defendants' misrepresentations to their detriment and suffered damages, e.g., a negative coverage decision on this claim. Defendants' conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(1), which prohibit [sic] misrepresenting to a claimant a material fact or policy provision relating to coverage at issue. Here, as stated above, Defendants' misrepresentation was that Plaintiff was not to conduct a required action under the policy, i.e. mitigate its damages, thereby avoiding coverage under the claim under a "failure to mitigate damages" defense.[20]
- Defendant AMERICAN EMPIRE misrepresented the insurance policy sold to Plaintiff (which relied [sic] Defendants' misrepresentations to their detriment and suffered damages) by (1) making an untrue statement of material fact regarding coverage, specifically by instructing Plaintiff not to mitigate its damages, then attempted to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made, specially [sic] that Plaintiff would need to mitigate its

---

[18]   Plaintiff's First Amended Complaint [Dkt. 8] at ¶¶ 6.4(a); 6.5(b).

[19]   Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 5.7.

[20]   Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 5.12.

damages under the policy for coverage but instead choosing to instruct Plaintiff not to do any tear-out or conduct mitigation of damages; (3) making a statement in a manner what would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage, specifically by instructing Plaintiff not to mitigate its damages, then attempting to use  "failure to mitigate damages" as a defense for proper payment under the claim by Defendant; and/or (5) [sic] failing to disclose a matter required by law to be disclosed (see above regarding instructing Plaintiff not to conduct tear-out or mitigate damages) including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Section 541.061 of the same.[21]

American Empire attaches the communication from Defendant Lester as Exhibit A-1. Because Defendant Lester's communication is specifically referenced by Plaintiff (Plaintiff purports to quote from the communication) and the communication is central to Plaintiff's claims, the Court may properly consider Exhibit A-1 and disregard the allegations contradicted by the facts it establishes. As evidenced by Exhibit A-1, Defendant Lester **did not** instruct Plaintiff to not mitigate its damages. Rather, Defendant Lester stated "[w]e suggest retaining a third party, disinterested mitigation company to proceed with the drying of the structure. We will ask they provide normal drying documentation and supports. We can provide several options if you need assistance in obtaining an available vendor."[22] Defendant Lester's email directly contradicts Plaintiff's allegations that Defendant Lester instructed Plaintiff to not mitigate damages. Accordingly, the Court should disregard Plaintiff's allegation that Defendant Lester instructed Plaintiff not to

---

[21]   Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 5.17

[22]   Exhibit A-1.

**DEFENDANT AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY'S**
**MOTION FOR PARTIAL DISMISSAL**

mitigate its damages when evaluating American Empire's request for dismissal of the causes of action for violations of DTPA and Texas Insurance Code under Federal Rule of Civil Procedure 12(b)(6).

**B.** <u>**Plaintiff's claims under the DTPA fail to meet the heightened pleading standard of Rule 9(b).**</u>

To state a claim under the DTPA, the pleading must allege sufficient facts to demonstrate the following: "(1) [plaintiff] is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) these acts constituted a producing cause of [plaintiff's] damages." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 768 (5th Cir. 2016). Courts consistently require DTPA claims satisfy the heightened pleading standard set out in Rule 9(b), including "the [1] time, [2] place, and [3] contents of the [alleged] false representations, as well as the [4] identity of the person making the misrepresentation and [5] what he obtained thereby." *Garcia*, 2020 WL 4192894, at *3 (Brown J.) (citing *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). This is true of all causes of action arising under the DTPA. *See Id. (*citing *Tommaso*, 2016 WL 6883042, at *2 (collecting cases)).

Beyond boilerplate recitals of the elements of provisions of the DTPA, Plaintiff relies almost exclusively on the allegation that Defendant Lester instructed Plaintiff not to mitigate its damages to support its claims under the DTPA. In fact, Plaintiff specifically identifies paragraphs 5.7, 5.12, and 5.17 as containing the "specific misrepresentations

Defendant engaged in."[23] These paragraphs merely state, then restate, Plaintiff's allegation that Defendant Lester instructed it not to mitigate its damages.

However, as previously discussed, [t]he Court should disregard Plaintiff's allegation regarding mitigation because it is contradicted by Defendant Lester's actual communication attached as Exhibit A-1. Without the benefit of this allegation, Plaintiff's First Amended Complaint amounts to little more than a boilerplate recital of various DTPA provisions. Accordingly, Plaintiff's allegations in support of its claims under the DTPA are insufficient to satisfy the heightened pleading standard of Rule 9(b) as Plaintiff fails to identify—either in whole or in part—the time, place, contents, the speaker, or what the speaker gained thereby for any of its causes of action asserted under the DTPA. *See Smiley Team II, Inc. v. Gen. Star Ins. Co*., No. 3:21-CV-00103, 2021 WL 5202412, at *3 (S.D. Tex. Nov. 9, 2021), report and recommendation adopted, No. 3:21-CV-00103, 2021 WL 5987267 (S.D. Tex. Dec. 16, 2021*)* ("At its most basic level, Smiley Team fails to identify any specific statement made by General Star that was false or misleading, much less identify the alleged speaker or allege when and where the false statements were made. These basic pleading inadequacies sound the death knell for the Texas Insurance Code claims (and DTPA claims) predicated on misrepresentations").

---

[23]   Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 6.5(b).

**DEFENDANT AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY'S**
**MOTION FOR PARTIAL DISMISSAL**

Further, Plaintiff's claims for violations of the DTPA fail even under the more lenient pleading standard of Rule 8(a). Plaintiff's causes of action brought under sections 17.46(b)(2), (3), and (13) of the DTPA are all explicitly premised on the false allegation that Defendant Lester instructed Plaintiff not to mitigate its damages.[24] Again, this allegation should be disregarded as it is contradicted by Exhibit A-1. Without more, these causes of action fail under Rule 8(a) because they wholly lack sufficient facts to support them.

Similarly, Plaintiff's remaining causes of action under the DTPA also fail. Plaintiff's allegation that American Empire breached the insurance policy alone is inadequate to sustain a DTPA claim. *Christians v. Flores*, No. 01-20-00307-CV, 2022 WL 619021, at *9 (Tex. App.—Houston [1st Dist.] Mar. 3, 2022, no pet.) (citing *Crawford v. Ace Sign, Inc*., 917 S.W.2d 12, 14 (Tex. 1996) (internal citation omitted)) ("[a]n allegation of a mere breach of contract, without more, does not constitute a 'false, misleading or deceptive act' in violation of the DTPA."). Further, the allegation that American Empire or Defendant Lester undervalued or underscoped damages is also insufficient on its own. *See, Tommaso*, WL 6883042 at *2 (finding allegations that damages to the property were undervalued is insufficient to sustain DTPA claims without specific facts about the misrepresentations). Plaintiff also alleges, without any factual support, that American

---

[24]    Plaintiff's First Amended Complaint [Dkt. 8] at ¶¶ 6.5(b)(i) and (v).

Empire violated the DTPA "knowingly and/or intentionally." This allegation is an unsupported legal conclusion as Plaintiff has alleged no facts demonstrating American Empire's knowledge or intent.

In sum, without the factually incorrect allegation about mitigation, Plaintiff's causes of action under the DTPA amount to little more than recitations of language from the DTPA with conclusory statements of alleged statutory violations. This is insufficient to satisfy Rule 8(a)'s pleading standard. *Smiley Team II, Inc.*, 2021 WL 5202412, at *3. ("It is insufficient to simply parrot language from the DTPA . . . and conclusory state that there is a statutory violation. ); *Shiana Corp. v. Depositors Ins. Co.*, No. EP-18-CV-188-DB, 2019 WL 96586, at *4–5 (W.D. Tex. Jan. 2, 2019) (assertions that merely repeat "the [DTPA] statutory language" are insufficient to "survive a Rule 12(b)(6) motion to dismiss for failure to state a claim because the facts pleaded do not allow the Court to infer that the claims against [the defendant] are plausible"). Accordingly, Plaintiff's DTPA claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for not satisfying the heightened pleading standard of Rule 9(b) or Rule 8(a)'s pleading standard.

**C.** **Plaintiff's claims under the Texas Insurance Code relating to purported misrepresentations by American Empire fail to meet the heightened pleading standard of Rule 9(b).**

Plaintiff has not adequately pleaded its causes of action arising from purported misrepresentations in violation of Sections 541.060(a)(1) and 541.061 of the Texas Insurance Code. As these claims involve "misrepresentations and are substantively claims

of fraud," Plaintiff "must meet the pleading standard of Rule 9(b)." *Khan v. Allstate Fire & Cas. Ins. Co.*, No. CIV.A. H-11-2693, 2012 WL 1601302, at *7 (S.D. Tex. May 7, 2012). Indeed, "courts consistently require Texas Insurance Code Claims predicated on misrepresentation to satisfy the heightened pleading standard set out in Rule 9(b) of the Federal Rules of Civil Procedure." *9520 Homestead, LLC v. Westchester Surplus Lines Ins. Co.*, No. 4:19-CV-2713, 2019 WL 5784893, at *2 (S.D. Tex. Nov. 6, 2019) (citing *SHS Inv. v. Nationwide Mut. Ins. Co.*, 798 F.Supp.2d 811, 814 (S.D. Tex. 2011); *Partain v. Mid-Continent Specialty Ins. Servs., Inc.*, 838 F.Supp.2d 547, 557 (S.D. Tex. 2012).

Rule 9(b) imposes a heightened pleading standard, which requires allegations of "time, place, and contents of the [alleged] false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *9520 Homestead, LLC*, 2019 WL 5784893, at *2. Plaintiff's First Amended Complaint does not satisfy the pleading standard of Rule 9(b). Plaintiff has alleged that American Empire has violated Chapter 541 of the Texas Insurance Code by:

- Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue, specifically by instructing Plaintiff not to conduct "tear-out" to mitigate its damages (as required for coverage under the policy), then attempting to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant:[25]
- Misrepresenting the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverage, specifically by instructing Plaintiff not to mitigate its damages, then attempted [sic] to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant; (2) failing

---

[25] Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 6.4(b)(i).

to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made, specially [sic] that Plaintiff would need to mitigate its damages under the policy for coverage but instead choosing to instruct Plaintiff not to do any tear-out or conduct mitigation of damages; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage, specifically by instructing plaintiff not to mitigate its damages then attempting to use a "failure to mitigate damages" as a defense for proper payment under the claim by Defendant; and/or (5) [sic] failing to disclose a matter required by law to be disclosed (see above regarding instructing Plaintiff not to conduct tear-out or mitigate damages) including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Sections 541.061 of the same. Plaintiff relied [sic] Defendants' misrepresentations to their determent and suffered damage, e.g., a negative coverage decision on this claim;[26]

Plaintiff has also specifically identified paragraphs 5.7, 5.12, and 5.17, which detail Plaintiff's false allegation regarding mitigation, as containing "[t]he specific misrepresentations Defendant engages in and how those misrepresentations were in violation of the specific code sections."[27]

Plaintiff's causes of action for violations of Sections 541.060(a)(1) and 541.061 of the Texas Insurance Code, like its allegations under the DTPA, are all premised on the allegation that Defendant Lester instructed Plaintiff to not mitigate its damages. However, as repeatedly explained in this motion, because this allegation is contradicted by facts established in Exhibit A-1, this allegation should be disregarded. Accordingly, without

---

[26]   Plaintiff's First Amended Complaint [Dkt. 8] at ¶ 6.4(b)(v).

[27]   Plaintiff's First Amended Complaint [Dkt. 8] at ¶6.4(a).

**DEFENDANT AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY'S MOTION FOR PARTIAL DISMISSAL**

additional allegations of the time, place, contents, the speaker, or what the speaker gained thereby Plaintiff has failed to satisfy Rule 9(b)'s heightened pleading standard.

Plaintiff's claims also fail under Rule 8(a)'s pleading standard. As Plaintiff's allegation that Defendant Lester instructed Plaintiff not to mitigate must be disregarded, Plaintiff's First Amended Complaint is devoid of additional factual allegations to satisfy Rule 8(a)'s pleading standard. Further, even if Plaintiff's allegations that Defendant Lester instructed Plaintiff not to mitigate were not disregarded, this purported fact would still be insufficient to allege a misrepresentation in violation of the Tex. Ins. Code Section 541.060 because the alleged misrepresentation occurred post-loss. *See Schnell v. State Farm,* No. 4:21-CV-00558-O, 2022 WL 2542478, at *7 (N.D. Tex. June 6, 2022) ("Plaintiffs' allegations, even if they were described with specificity, describe post-loss representations, which are not actionable under the statute.").

As with its claims under the DTPA, Plaintiff has alleged that American Empire acted "knowingly and intentionally." Again, this allegation is an unsupported legal conclusion as Plaintiff has failed to allege any facts to support such an allegation. Accordingly, because Plaintiff has failed to state a claim for violations of Sections 541.060(a)(1) and 541.061 of the Texas Insurance Code, they should also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

DEFENDANT AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY'S
MOTION FOR PARTIAL DISMISSAL

**D.**     **The Court should dismiss all causes of action against Defendant Lester because American Empire has accepted liability under Tex. Ins. Code § 542A.006(a).**

The Texas Insurance Code allows an insurer to accept whatever civil liability an agent might have to a claimant for the agent's acts or omissions related to a claim by providing written notice to the claimant. Tex. Ins. Code § 542A.006(a). If the insurer elects to accept responsibility for the agent, a court must dismiss all claims against the agent with prejudice. *Id.* § 542A.006(c). American Empire elected to accept liability for its agents, specifically Defendant Lester, prior to the instant suit being filed.[28] Accordingly, the Court must dismiss all claims against Defendant Lester.

## IV.  CONCLUSION

Because Plaintiff has not pleaded its alleged causes of action for violations under Sections 541.060 and 541.061 of the Texas Insurance Code, or violations of the DTPA with sufficient specificity, this Court should dismiss these causes of action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Further, the Court should dismiss all claims against Defendant Lester with prejudice pursuant to Tex. Ins. Code Section 542A.006(a).

---

[28]    Exhibit B-1 at p. 7.

Respectfully submitted,


By:   */s/ Michael C. Upshaw*
    Michael C. Upshaw
    Texas Bar No. 24099142
    Southern District Bar No. 3173824
    mupsahw@zelle.com
    Austin J. Taylor
    Texas Bar No. 24125862
    Southern District Bar No. 3747279
    ataylor@zelle.com

**ZELLE LLP**

901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:   214-742-3000
Facsimile:   214-760-8994

**ATTORNEYS FOR AMERICAN
EMPIRE SURPLUS LINES
INSURANCE COMPANY**

**DEFENDANT AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY'S
MOTION FOR PARTIAL DISMISSAL**

### Certificate of Conference

Pursuant to Galveston Local Rule 6, counsel for American Empire conferred with counsel for Plaintiff and sent a letter informing Plaintiff's counsel of Plaintiff's right to amend its pleading. Plaintiff's First Amended Complaint was filed thereafter on July 1, 2022.

### Certificate of Service

A true and correct copy of the foregoing has been served on the following counsel of record in accordance with the Federal Rules of Civil Procedure on this 22nd Day of July 2022:

Jesse S. Corona
Texas Bar No. 24082184
Jesse@theCornaLawfim.com
12807 Haynes Road, Bldg. E
Houston, Texas 77066

**ATTORNEY FOR PLAINTIFF**

*/s/ Michael C. Upshaw*
Michael C. Upshaw

DEFENDANT AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY'S
MOTION FOR PARTIAL DISMISSAL